UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
FELIX GERARDO PALACIOS and
JUAN CARLOS RIVERA,

                            Plaintiffs,

                                                                   Index. No.:
                                                                     COMPLAINT
                      -against-                                    JURY TRIAL DEMANDED


MAN POWER ELECTRIC INC., HERSHEL ELBAUM and
DUDI MINTZ,

                            Defendants.
-------------------------------------------------------------------------X

  FELIX GERARDO PALACIOS and JUAN CARLOS RIVERA, Plaintiffs, by and through their attorneys at *Heriberto A. Cabrera & Associates*, as and for their Complaint against Man Power Electric Inc., Hershel Elbaum and Dudi Mintz ("Defendants"), respectfully alleges as follows:

## INTRODUCTION

1. This is a suit to recover unpaid overtime hours compensation from the Defendants, pursuant to New York State Labor Law Sections 190 *et seq* ("NYSLL") and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. This action seeks unpaid overtime wages, minimum wages, liquidated damages, notice violations, reasonable attorney's fees, costs, and pre and post-judgment interest for Defendants' willful failure to pay overtime, minimum wages, inter alia, to Plaintiff Felix Gerardo Palacios (hereinafter "Palacios").

3. This action seeks unpaid overtime wages, minimum wages, liquidated damages, notice violations, reasonable attorney's fees, costs, and pre and post-judgment interest for Defendants' willful failure to pay overtime, minimum wages, inter alia, to Plaintiff Juan Carlos Rivera (hereinafter "Rivera").

1

4. Plaintiffs demand a jury trial on all issues that may be tried by a jury.

## PARTIES

5. Plaintiff Palacios is a resident of Kings County, New York, and he was an employee of Defendants' as an Electrician at Man Power Electric, Inc., with the business located at 791 Kent Avenue, Ste. 2R, Brooklyn, New York 11205.

6. Plaintiff Rivera is a resident of Kings County, New York, and he was an employee of Defendants' as an Electrician at Man Power Electric, Inc., with the business located at 791 Kent Avenue, Ste. 2R, Brooklyn, New York 11205.

7. Upon information and belief, Man Power Electric, Inc., is a domestic corporation doing business within the State of New York, County of Kings, and has a principal place of business in Kings County in New York at 791 Kent Avenue, Ste. 2R, Brooklyn, New York 11205.

8. Upon information and belief, Man Power Electric, Inc., is at present and has been at all times relevant to the allegations in this Complaint been an enterprise engaged in interstate commerce within the meaning of FLSA Section 203(b) in that it has and has had employees engaged in interstate commerce or in production of goods for interstate commerce as well as handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce by any person; and they have each had annual gross volume sales of not less than $500,000.

9. Man Power Electric, Inc., is an "employer" within the meaning of 29 U.S.C. Section 203(d) and NYSLL Section 190(3) that runs and profits from business operations as a nail salon based at 791 Kent Avenue, Ste. 2R, Brooklyn, New York 11205, where Defendants controlled the terms,

conditions and pay practices relating to the Plaintiffs.

10. Upon information and belief, Defendant, Hershel Elbaum, is an individual and a natural citizen doing business within the State of New York, County of Kings, and has a principal place of business in Kings County in the City and State of New York at 791 Kent Avenue, Ste. 2R, Brooklyn, New York 11205.

11. Upon information and belief, Defendant, Hershel Elbaum, is an owner of the Corporate Defendant.

12. Upon information and belief, Defendant, Hershel Elbaum, is an individual who maintains his principle place of business in Brooklyn, NY and serves as a principal manager/supervisor and/or substantially controls the operations of Defendant, Man Power Electric, Inc., through which he acted as an employer, as understood by the FLSA and NYSLL, of the Plaintiffs by controlling the terms and conditions and pay practices related to the Plaintiffs' work.

13. Upon information and belief, Defendant, Dudi Mintz, is an individual and a natural citizen doing business within the State of New York, County of Kings, and has a principal place of business in Kings County in in the City and State of New York at 791 Kent Avenue, Ste. 2R, Brooklyn, New York 11205.

14. Upon information and belief, Defendant, Dudi Mintz, is an owner of the Corporate Defendant.

15. Upon information and belief, Defendant, Dudi Mintz, is an individual who maintains his principle place of business in Brooklyn, NY and serves as a principal manager and/or substantially controls the operations of Defendant, Man Power Electric, Inc., through which he acted as an

3

employer, as understood by the FLSA and NYSLL, of the Plaintiffs by controlling the terms and conditions and pay practices related to the Plaintiffs' work.

16. Plaintiff Rivera was an "employee" of Defendants within the meaning of 29 U.S.C. Section 203(e)(1) and NYSLL Section 190(2).

17. Plaintiff Palacios was an "employee" of Defendants within the meaning of 29 U.S.C. Section 203(e)(1) and NYSLL Section 190(2).

## JURISDICTION AND VENUE

18. This court has subject matter jurisdiction over Plaintiffs' Fair Labor Standards Act ("F.L.S.A.") claims pursuant to 28 U.S.C. § 1331 and § 1337 and supplemental jurisdiction over Plaintiffs' NYSLL claims pursuant to 28 U.S.C. § 1367.

19. This Court also has jurisdiction over Plaintiffs' F.L.S.A. claims pursuant to 29 U.S.C. § 201 et seq. and in particular, 29 U.S.C. § 216(b).

20. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because this action concerns wages and hours violations that occurred within the Judicial District and all parties reside in and/or conduct business within the Judicial District.

## FACTS

21. At all times relevant to this Complaint, Plaintiffs received payments from Defendants and were economically dependent on Defendants in regards to making their living.

22. Defendants had the power to hire and fire employees including Plaintiffs.

23. Defendants supervised and controlled Plaintiffs' work schedules and/or conditions of employment.

24. Defendants, through their agents, determined the rate and method of payment of Plaintiffs' wages.

25. Plaintiff Palacios worked for Defendants as an Electrical technician at various locations throughout the City of New York from on or about July 1, 2018 until on or about August 18, 2020.

26. Defendants controlled, managed and supervised the location where the work was performed and the hours of work and the rate of pay was controlled by the same individual Defendants and the corporate Defendant, namely Man Power Electric, Inc., 791 Kent Avenue, Ste. 2R, Brooklyn, New York 11205.

27. From on or about July 1, 2018 until on or about January 31, 2020, Plaintiff Palacios worked 6 days per week at the various worksites designated by defendants for shifts that ranged from six hours on a Fridays to as much as 11 hours on Sundays. The following is the approximate weekly schedule Plaintiff Palacios worked during his employment with defendants: Monday through Thursday, from 8:00 A.M. until 5:00 P.M.; Fridays, from 8:00 AM until 2:00 PM; Sundays from 8:00 AM until 7PM, for an approximate total of 53 hours per week.

28. From on or about July 1, 2018 until on or about January 31, 2020 Plaintiff Palacios was paid $28.00 per hour which pay increased on February 2, 2020 to $29.00 per hour for the 53 hours per week which he worked.

29. During his period of employment with defendants, Plaintiff Palacios was never paid any premium pay for overtime hours worked, or any payment for spread of hours.

30. Additionally, Defendants have refused to pay Plaintiff Palacios for work performed for defendants for the period from August 10, 2020 up until August 14, 2020.

31. Plaintiff Rivera worked for Defendants as an Electrical technician at various locations throughout the City of New York from on or about September 4, 2018 until on or about August 18, 2020.

5

32. Defendants controlled, managed and supervised the location where the work was performed and the hours of work and the rate of pay was controlled by the same individual Defendants and the corporate Defendant, namely Man Power Electric, Inc., 791 Kent Avenue, Ste. 2R, Brooklyn, New York 11205.

33. From on or about September 4, 2018 until on or about August 18, 2020, Plaintiff Rivera worked 6 days per week at the various worksites designated by defendants for shifts that ranged from six hours on a Fridays to as much as 11 hours on Sundays. The following is the approximate weekly schedule Plaintiff Palacios worked during his employment with defendants: Monday through Thursday, from 8:00 A.M. until 5:00 P.M.; Fridays, from 8:00 AM until 2:00 PM; Sundays from 8:00 AM until 7PM, for an approximate total of 53 hours per week.

34. From on or about September 4, 2018 until on or about December 31, 2019 Plaintiff Rivera was paid $15.50 per hour which pay increased on January 1, 2020 to $17.00 per hour and was again increased to $18.50 per hour on May 1, 2020.

35. During his period of employment with defendants, Plaintiff Rivera was never paid any premium pay for overtime hours worked, or any payment for spread of hours.

36. Additionally, Defendants have refused to pay Plaintiff Rivera for work performed for defendants for the period from August 10, 2020 up until August 14, 2020.

37. Plaintiffs did not exercise any discretion over their tasks or over any significant aspects of the manner the Defendants ran their business. Nor did Plaintiffs have control over the manner they could execute the tasks assigned to them.

38. Defendants routinely required Plaintiffs to work hours that were not recorded on the Defendants' time sheets.

39. Plaintiffs never received time off, vacations nor meal breaks.

40. Upon information and belief, Defendants kept and/or allowed to be kept inaccurate records of the hours worked by Plaintiffs.
41. Defendants failed to adequately and accurately disclose and/or keep track of the number of hours Plaintiffs worked during the day, the total hours Plaintiffs worked during the week and/or the total amount of overtime hours worked each week.
42. If Plaintiffs hours had been properly documented and calculated, then the Plaintiffs total amount of hours worked would have triggered payment calculated at premium overtime rates well in excess of the amount of money actually paid to Plaintiffs by the Defendants.
43. Defendants' policy and practice was to be deliberately and/or willfully indifferent to the amount of regular wages and overtime wages that Plaintiffs were entitled to under the law.
44. At all times, Defendants' policy and practice in regards to paying wages to Plaintiffs, Palacios and Rivera, had been willful in its violation of the relevant federal and state labor laws.

## FIRST CAUSE OF ACTION

*Failure to Pay Overtime Wages (Federal)*

45. Plaintiffs re-allege paragraphs 1-44 of this Complaint as if set forth fully herein.
46. Plaintiffs were non-exempt employees of the Defendants as understood by the FLSA at all relevant times.
47. At all relevant times, Plaintiffs were not paid time and a half based on his regular hourly rate of pay for any and all hours worked in excess of 40 hours per week in violation of 29 U.S.C. § 207.
48. Plaintiffs routinely worked hours in excess of 40 hours a week.

49. Said failure to pay was willful within the meaning of 29 U.S.C. § 260.

50. Thus, pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to back pay for unpaid overtime wages, in an amount to be determined at trial, liquidated damages, reasonable attorneys' fees, and costs.

## SECOND CAUSE OF ACTION

*Failure to Pay Overtime (State)*

51. Plaintiffs re-allege paragraphs 1-50 of this Complaint as if set forth fully herein.

52. Plaintiffs were employed by the Defendants within the meaning of the New York State Labor Law §§ 2(7) and § 190(2).

53. Defendants failed to pay Plaintiffs overtime wages at a rate at least one and a half times their regular rate of pay for each hour worked in excess of forty hours per week.

54. Plaintiffs routinely worked hours in excess of 40 hours a week.

55. Defendants' failure to pay overtime wages to Plaintiffs violated New York Labor Law which requires employers pay employees overtime for hours worked in excess of 40 hours per week at the rate of one and a half times the employee's regular hourly wage or the prevailing minimum wage (whichever is greater).

56. Said violations have been willful within the meaning of New York State Labor Law § 198(1-a).

57. Thus, Plaintiffs are entitled to recover from Defendants unpaid overtime wages in an amount to be determined at trial, and an amount equal to those unpaid

8

overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees, costs of this action and pre-judgment interest.

### THIRD CAUSE OF ACTION

*Failure to Provide Wage Notices & Wage Statements (State)*

58. Plaintiffs re-allege paragraphs 1-57 of this Complaint as if set forth fully herein.

59. Defendants failed to make, keep and preserve accurate records with respect to Plaintiffs, including hours worked each workday, and total hours worked each week, as required by the NYLL and its supporting regulations.

60. Defendants at all times failed to provide Plaintiffs with any and all wage notices and/or wage statements that Defendants were obligated to provide to Plaintiffs pursuant to NYSLL, particularly the New York State Wage Theft Prevention Act.

61. The Defendants' failure to provide Plaintiffs with the aforementioned notices and statements were willful and malicious and/or reckless and/or negligent.

62. Thus, Plaintiffs are entitled to statutory damages and attorney's fees for such failures by Defendants in an amount to be determined at trail, and such other relief as this Court deems just and proper.

### FOURTH CAUSE OF ACTION

*Failure to Pay Spread of Hours (State)*

63. Plaintiffs re-allege paragraphs 1-61 of this Complaint as if set forth fully herein.

64. Defendants have not paid Plaintiffs their due additional hours of pay for shifts where Plaintiffs worked in excess of 10 hours as required by NYSLL while making less than or at minimum wage.

65. Such failure to pay was willful within the meaning of NYSLL § 198(1-a).

66. Defendant's willful and intentional failure to pay the spread of hours violates the New York State Code of Rules and Regulations, Title 12, § 142-2.4, which requires employers to pay an additional hour at minimum wage when an employee works in excess of 10 hours in a single day.

67. Plaintiffs are entitled to compensatory damages for Defendants' failure to pay the required spread of hours for each day they worked more than 10 hours, as well as liquidated damages, reasonable attorney's fees, costs and prejudgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief:

a. A declaration that the Defendants' acts and practices complained of herein are willful violations with the meaning of 29 U.S.C. § 260 and NYSLL § 198(1-a).

b. Directing Defendants to make Plaintiffs whole for all unpaid overtime and spread of hours wages due as a consequence of Defendant's violation of FLSA and NYSLL;

c. Directing Defendants to pay Plaintiffs an additional amount of liquidated damages as provided for in 29 U.S.C. § 216(b) and NYSLL § 198(1-a).

d. Awarding, Plaintiffs the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. § 216(b) and NYSLL § 198(1-a).

e. Awarding Plaintiffs pre- and post-judgment interest as provided for in

   NYSLL § 198(1-a), and;

 f. Awarding Plaintiffs statutory damages pursuant to NY State Labor Law wage notification requirements, and;

 g. Awarding Plaintiffs such other and further relief as this Court may deem just and proper.

## **DEMAND FOR A JURY TRIAL**

Plaintiffs demand a trial by jury as to all issues in the above matter.

Dated: Brooklyn, NY
   December 7, 2020

             HERIBERTO A. CABRERA & ASSOCIATES

             _/s/ Heriberto Cabrera_____

             Heriberto A. Cabrera, Esq.
             *Attorneys for Plaintiff*
             480 39th Street, 2nd Floor
             Brooklyn, NY 11232